[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife and the defendant husband were married on July 29, 1989 in Rhinebeck, New York. There were no children issue of this marriage.
The court finds that the marriage has broken down irretrievably and the same is hereby dissolved.
In addition, the court has taken into consideration all of the factors set forth in 46b-81 and 46b-82 of the Connecticut General Statutes, and further orders as follows:
1. All of the right, title and interest of the plaintiff wife in and to the real property known as 203 Broad Street, Milford, Connecticut is hereby assigned to the defendant husband subject to all liens and encumbrances as of record appear, which liens and encumbrances shall be the sole obligation of the defendant husband and he shall indemnify and hold the plaintiff wife harmless therefrom.
2. Each party shall retain as their sole and exclusive property all personal property currently in their possession, except for any of the defendant husband's clothing or personal effects (including his bike, bike pump and bike shoes) that may CT Page 3525 be in the possession of the plaintiff wife, which clothing and personal effects shall be turned over to the defendant husband by the plaintiff wife within 10 days of the date hereof.
3. The defendant husband shall be solely responsible for and shall hold the plaintiff wife harmless from the following liabilities:
 (a) The MasterCharge account shown on the plaintiff wife's financial affidavit as having a balance of $3333.56.
 (b) The Citibank MasterCard shown on the plaintiff wife's financial affidavit as having a balance of $900.
 (c) The Chase Visa shown on the plaintiff wife's financial affidavit as having a balance of $3120.
 (d) Any and all sums owed to his parents arising out of the real property referred to in paragraph 1 hereof.
4. Neither party shall pay periodic alimony to the other.
5. Except as expressly provided herein, all of the liabilities shown on the financial affidavits of the parties filed with this court on April 15, 1991 shall be the sole obligation of the party upon whose affidavit said liability appears and they shall indemnify and hold the other party harmless therefrom.
6. Except as expressly provided herein, all of the property shown on the financial affidavits of the parties filed with this court on April 15, 1991 shall be the sole and exclusive property of the party upon whose affidavit said property appears.
7. Each party shall be responsible for his or her attorney's fees and costs incurred in this action.
8. The plaintiff wife may resume her maiden name of Teresa Aquila.
Frederick A. Freedman, Judge.